**STATE, Plaintiff-Appellee, v. FORTY-FIVE HUNDRED EAST BROAD, Inc., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4454. Decided June 4, 1951.

C. William O'Neill, Atty Genl., Thomas R. Lloyd, Asst. Atty. Genl., Columbus, for appellee.

Herbert & Dombey, Edwin M. Tuttle, Columbus, for appellant.

## OPINION

By THE COURT.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County affirming the order of the Board of Liquor Control, State of Ohio, in revoking a D-5 Permit issued in the name of Forty-five Hundred East Broad, Inc.

The permit of the appellant was revoked on the ground that appellant had made a false material statement in the application for the renewal of the permit. The false maaterial statement in the application in answer to Question No. 31 is shown by the facts presented to the Board by way of stipulation and oral testimony.

The factual development shows that Louis DeVictor, the president of the appellant corporation and the owner of all but two shares of stock in said corporation, had prior to June, 1949, operated a restaurant at the same location. The corporation in this case owned a business known as "The Showboat" located on East Broad Street, Columbus, Ohio, which was destroyed by fire, after which the D-5 Permit which was held by the corporation was placed in escrow. Thereafter, on May 16, 1949, the stockholders in the corporation sold their stock to DeVictor. An application was made to the Department of Liquor Control to transfer said stock to the new stockholders. The Department approved the transfer of stock to DeVictor on June 10, 1949. In the meantime, to wit: on May 6, 1949, DeVictor was arrested for violation of §13195 GC, for the illegal sale of whisky at the restaurant which he was then operating. He pleaded guilty to the charge in the Municipal Court of Columbus on June 3, 1949, and was fined $100.00 and costs. On June 1, 1949, DeVictor, as president of the corporation, signed an application for a renewal of the D-5 Permit under which the corporation formerly operated and which was about to expire. This application was not filed with the Department of Liquor Control until June 13, 1949. On the basis of the application and the representations made therein the permit was issued. Subsequently, upon discovery of the conviction the appellant was cited before the Board to show cause why the permit should not be revoked. Upon hearing the Board revoked the permit, which action was affirmed by the Common Pleas Court.

The pertinent part of the order revoking the permit effective September 21, 1949, is as follows:

"The Board finds from the evidence that on the 13th day of June, 1949, the Forty Five Hundred East Broad, Inc., filed with the Department of Liquor Control an application for

a D-5 permit, which application contained a false material statement, as follows: Question No. 31, 'Have you as an individual or any member of the partnership or corporation or officer thereof, or any person employed by you ever been convicted of violating any of the penal provisions of the Liquor Control Act or any statute relating to beer or intoxicating liquor?' The answer contained in said application being 'No'; in violation of provisions of the Ohio Liquor Control Act.

"It is therefore ordered and adjudged that Permit (D-5) 31779 be, and the same is REVOKED, effective September 21, 1949."

The violation of the Ohio Liquor Control Act on which the Board relied to sustain the revocation is found in §6064-25 GC, which in part provides:

"The Board of Liquor Control may suspend or revoke any permit issued pursuant to the Liquor Control Act for the violation of any of the applicable restrictions of this Act or of any lawful rule or regulation of the Board or other sufficient cause, and for the following causes;

"* * *

"2. For making any false material statement in an application for a permit."

The sequence of events presents the question for determination. On June 1, 1949, the application for the renewal of the permit was signed and the statement was made that there had been no conviction. On June 3, 1949, DeVictor was convicted of violation of a statute relating to intoxicating liquors. On June 13, 1949, the application for renewal of the permit was filed with the Department.

On the date the application was signed there had been no convictions, but on the date the application was filed there had been a conviction. Does the application speak as of the date of its execution, or the date of filing? Manifestly, DeVictor knew of the pending charge at the time he signed the application and knew on the date of the filing of the application on June 13th that a circumstance had occurred which was material in determining whether or not the permit should be granted. The application could not have been filed before conviction as the approval of the transfer of stock was not given until after the conviction. The evidence shows that DeVictor was aware of the fact that the application had not been filed prior to conviction, although it had been signed. The execution of the application had no legal effect; only the filing of the application gave it legal effect. The answers to questions stated in the application were in the nature of representations to the Department to be considered in determining

whether the permit should be renewed. These representations could only have legal effect after the application was filed. To hold that the statements made in the application speak as of the date of signing of the application would open the door to subterfuge.

The statement in the application in answer to Question No. 31 was a "false material statement" within the meaning of the provisions of §6064-25 GC. We find no abuse of discretion on the part of the Board in revoking the permit.

We find no error assigned well made. Finding no error in the record prejudicial to the rights of the appellant the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.